U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 FEB 14  AM 9:44

CLERK

BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOSEPH SPIRIT COUGAR LAMPMAN,   )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. 2:24-cv-166
                                )
NICHOLAS DEML, AMY JACOBS,      )
WILLIAM COLLINS, and ALEXANDER  )
BOURGEOUIS,                     )
                                )
    Defendants.                 )

**ORDER**
**(Docs. 8, 19)**

    Plaintiff Joseph Spirit Cougar Lampman, proceeding pro se, brings this action under 42 U.S.C. § 1983 against the Commissioner of Vermont Department of Corrections (DOC) and other DOC officials alleging that Defendants denied him the right to practice his religion while in custody. On December 2, 2024, the Magistrate Judge issued a Report and Recommendation (R&R) (Doc. 19) on Plaintiff's pending motion for summary judgment (Doc. 8), recommending that the court deny Plaintiff's motion. Plaintiff has not filed an objection to the R&R, and the deadline for filing an objection has passed. Accordingly, after careful review of the file and the Magistrate Judge's thorough Report and Recommendation, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

    As explained in the R&R, Plaintiff's motion for summary judgment seems to proceed on the theory that, because Defendants failed to timely file an answer to his complaint, his version of the facts is undisputed. (Doc. 8 at 1.) The motion therefore presents a brief statement of facts before presenting legal arguments on qualified immunity and the liability of supervisory officials in § 1983 cases which, in Plaintiff's view, demonstrate that he is entitled to summary judgment.

(*Id.* at 3–8.) Plaintiff also attached several exhibits to the motion, including official grievances he has filed, inmate religious accommodation request forms, and email communications about the mediated agreement in his state court case. (Doc. 8-1.)

As the R&R correctly concludes, Defendants have not failed to timely respond to Plaintiff's complaint. On the date that their answer was due, Defendants instead filed a motion to dismiss under Fed. R. Civ. P. 12. (Doc. 14.) The filing of a motion to dismiss under Rule 12(b) suspends the deadline to file a responsive pleading until fourteen days after notice that the court either denied the motion or postponed its disposition until trial on the merits. Fed. R. Civ. P. 12(a)(4)(A); *Renzello v. Nelson*, No. 5-CV-153, 2006 WL 8431516, at *2 (D. Vt. Jan. 13, 2006). At this time, the Magistrate Judge has recommended that the court grant Defendants' motion to dismiss. (Doc. 19.) Unless and until this court denies the motion to dismiss, Defendants are not required to file an answer to Plaintiff's complaint. Their failure to do so is not, therefore, a reason to grant Plaintiff's motion for summary judgment.

The R&R also correctly notes that Plaintiff's motion did not comply with the requirements of Rule 56. To succeed on a motion for summary judgment under Rule 56, the moving party must demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists . . . ." *Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024). And the evidence presented in support of the motion must be admissible at trial. As the Magistrate Judge noted, the exhibits Plaintiff attached would not be admissible at trial because Plaintiff did not provide a sworn affidavit that could serve to authenticate the documents. *See, e.g., Lexington Ins. Co. v. Rounds*, 349 F. Supp. 2d 861, 869 (D. Vt. 2004) (rejecting unsworn letter because "[i]t is well settled that a district court

should disregard and unsworn letter in ruling on a summary judgment motion"). Consequently, Plaintiff has not submitted sufficient evidence to support his motion for summary judgment.

Should this case proceed, the court advises Plaintiff of the requirements for filing a motion for summary judgment, including the District of Vermont's Local Rules. Regarding the admissibility of Plaintiff's evidence, Rule 901(a) of the Federal Rules of Evidence requires that a party submit evidence "sufficient to support a finding that the item is what the proponent claims it is." If Plaintiff has personal knowledge of the documents he submitted as evidence, he can authenticate the documents by providing a sworn affidavit explaining what the documents are and his basis for that knowledge. The court also advises that, under Local Rule 56, a party must submit a separate concise statement of undisputed material facts along with their motion for summary judgment. And, under Fed. R. Civ. P. 56, a party asserting that a fact cannot be genuinely disputed must cite to particular parts of the record to support that assertion.

Finally, as the Magistrate Judge noted, "[e]ven if Plaintiff's evidence were undisputed and admissible, he has not shown that he is entitled to judgment as a matter of law." (Doc. 19 at 4 n.2.) To state a free-exercise claim under the First Amendment, a plaintiff "must make a threshold showing that the disputed conduct substantially burdened his sincerely held religious beliefs." *Wilson v. City of New York*, No. 18-CV-2262, 2021 WL 5908860, at *4 (E.D.N.Y. Dec. 14, 2021) (internal quotation marks and citation omitted). Plaintiff's motion for summary judgment and complaint did not specify what actions Defendants took or failed to take that led to a restriction of his religious freedom, nor did he discuss how his inability to access certain religious objects has "substantially burdened" his religious beliefs. His accompanying evidence similarly failed to address how his religious beliefs were substantially burdened by Defendants' actions or inactions. Demonstrating that he does not have access to certain religious objects does

not in itself suffice to demonstrate that Defendants have substantially burdened Plaintiff's religious beliefs. Instead, Plaintiff must provide some context about the role of those objects in his religion, how his ability to practice his religion has been limited, and the role that Defendants played in preventing his access to the objects. Without more detail, Plaintiff's motion for summary judgment cannot succeed.

## Conclusion

For the reasons stated above, the Report and Recommendation (Doc. 19) is AFFIRMED, APPROVED, and ADOPTED. Plaintiff's motion for summary judgment (Doc. 8) is DENIED.

Dated at Burlington, in the District of Vermont, this 14th day of February, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court