UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Joseph Spirit Cougar Lampman,<br><br>Plaintiff,<br><br>v.<br><br>Amy Jacobs and William Collins,<br><br>Defendants. | Civil Action No. 2:24-cv-166 |

**REPORT AND RECOMMENDATION**
(Docs. 30, 32, 34, 35, 36, 37, 41, 44, 45, 47)

Plaintiff Joseph Spirit Cougar Lampman, representing himself, brings this action *in forma pauperis* (IFP) under 42 U.S.C. § 1983 against various Department of Corrections (DOC) officials alleging that Defendants denied him the right to practice his religion while in custody. (Doc. 7.) The undersigned previously issued two Reports and Recommendations (R&Rs) in this case, (Docs. 20, 28), both of which were adopted in full. (Doc. 31.) The undersigned briefly recounts the relevant procedural history of the case to provide context for the recommended dispositions on the pending motions.

Plaintiff initially brought this § 1983 action against former DOC Commissioner Nicholas Deml; Northern State Correctional Facility (NSCF) Superintendent Amy Jacobs; NSCF Volunteer Services Coordinator William Collins; and Corrections Services Specialist Alexander Bourgeois. (Doc. 7.) Defendants filed a Motion to Dismiss. (Doc. 14.) Before the Court ruled on the Motion to Dismiss, Plaintiff filed a Motion to Amend Complaint. (Doc. 17.) The undersigned addressed both motions in a January 13, 2025 R&R ("First R&R"), recommending dismissal of Plaintiff's Complaint and denial of the Motion to Amend, and further recommending that

Plaintiff be permitted to amend his complaint. (Doc. 20.) Before the First R&R was adopted, Plaintiff filed a Second Amended Complaint that differed substantially from the Proposed Amended Complaint in his Motion to Amend. (*See* Doc. 21.) Defendants filed a Motion to Strike the Second Amended Complaint or, in the Alternative, Motion to Dismiss the Second Amended Complaint. (Doc. 22.)

A second R&R ("Second R&R") was filed recommending that the Court (1) treat Plaintiff's Second Amended Complaint as a Motion to Amend; (2) grant the Motion to Amend; and (3) grant in part and deny in part Defendants' Motion to Strike the Second Amended Complaint or, in the Alternative, Motion to Dismiss the Second Amended Complaint. (Doc. 28.) Specifically, the Second R&R recommended dismissal of Plaintiff's Fourteenth Amendment claims in their entirety and dismissal of Plaintiff's First Amendment claims against all Defendants except Defendants Jacobs and Collins. (*Id.*) Between the issuance of the Second R&R and the Court's Order adopting both R&Rs, Plaintiff filed another Motion to Amend. (Doc. 30.)

In its October 28, 2025 Order adopting the R&Rs, the Court (1) dismissed Plaintiff's First Amended Complaint with prejudice insofar as it brought claims for monetary damages against Defendants in their official capacities; (2) denied Plaintiff's Motion to Amend Complaint; (3) granted in part and denied in part Defendants' Motion to Strike the Second Amended Complaint or, in the Alternative, Motion to Dismiss the Second Amended Complaint; (4) identified the Second Amended Complaint as the operative pleading in this case; and (5) allowed only Plaintiff's First Amendment claims against Defendants Jacobs and Collins to proceed. (Doc. 31.)

Plaintiff subsequently filed two motions to amend his complaint, (Docs. 32, 34), and an Amended Complaint. (Doc. 44).

The Amended Complaint is not proper under Rule 15. Plaintiff may not amend the Complaint as a matter of course because it was filed outside the timeframe specified in the Rules. *See* Fed. R. Civ. P. 15(a)(1). The Amended Complaint is also not permitted because Plaintiff has not obtained the opposing parties' written consent or the Court's leave to amend. *See* Rule 15(a)(2). Therefore, the Amended Complaint is construed as a Motion to Amend. In response to Plaintiff's motions to amend the complaint, Defendants filed a Motion for More Definite Statement and/or Clarification from the Court. (Doc. 37.) Defendants request that the Court either clarify the operative pleading in this case or permit Plaintiff an opportunity "to file a single amended complaint containing all of his allegations, which would then become the operative pleading in the case." (*Id.*) Defendants also request that the Court not permit Plaintiff to file any subsequent motions to amend. (*Id.*) Plaintiff opposes Defendants' Motion for a More Definite Statement on the ground that Defendants have not answered his requests for discovery. (Doc. 38.) Defendants have also filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 45.)

Also pending is Plaintiff's "Motion for Producing Documents," Motion for Appointment of Counsel, Motion for Summary Judgment, and Motion for a Hearing. (Docs. 35, 36, 41, 47.) Defendants oppose Plaintiff's Motion for Summary Judgment. (Doc. 46.)

For the reasons explained below, I recommend that Defendants' Motion for More Definite Statement and/or Clarification from the Court (Doc. 37) be GRANTED and that Plaintiff's Motion to Appoint Counsel (Doc. 36) be GRANTED. I further recommend that Defendants' Motion to Dismiss (Doc. 45) be DENIED as moot, and that Plaintiff's Motions to

Amend Complaint (Docs. 30, 32, 34, 44) be DENIED. I also recommend that Plaintiff's Motion for Producing Documents (Doc. 35) and Motion for Summary Judgment (Doc. 41) be DENIED.

Given these recommended dispositions, I further recommend that Plaintiff's Motion for a Hearing (Doc. 47) be DENIED.

## Analysis

### I. Motion for More Definite Statement

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

Defendants contend that because Plaintiff filed additional motions to amend after the Court identified the Second Amended Complaint as the operative pleading in this case, they cannot reasonably prepare any responsive pleading. (Doc. 37 at 2.) In the October 28, 2025 Order, the Court determined that only Plaintiff's First Amendment claims against Defendants Jacobs and Collins may proceed. Plaintiff then filed additional motions to amend that named dismissed Defendants, added Defendants, and added claims. The Court recognizes that Plaintiff is representing himself and he is not trained in the law and legal procedure. However, Plaintiff's repeated attempts to amend the Complaint after the Court determined the set of claims permitted to proceed has placed Defendants in the position of defending a lawsuit against shifting defendants and claims.

Days before the issuance of the Court's Order clarifying the operative pleading, Plaintiff filed a Motion to Amend and Proposed Amended Complaint adding new claims under 42 U.S.C.

§ 2000cc-1 of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). (Doc. 30.) The Order did not address the Motion to Amend. (*See* Doc. 31.) Following the Order, Plaintiff filed three additional motions to amend. (Docs. 32, 34, 44.) The first motion does not contain a proposed amended complaint and names only Defendants Jacobs and Collins. (Doc. 32.) The second motion appears to seek to add claims against two new Defendants: Northwest State Correctional Facility (NWSCF) Assistant Superintendent Lori Madden and NWSCF Volunteer Services Coordinator Julie Dickie. (Doc. 34.) In the third motion, Plaintiff alleges only First Amendment violations and does not add any new claims or Defendants, but names previously dismissed DOC Defendants. (Doc. 44.)

Given Plaintiff's multiple and inconsistent motions to amend, it is unclear which claims he intends to assert, and the Defendants against whom he intends to assert those claims. Because of this uncertainty, Defendants request that Plaintiff be given a final opportunity to file a single amended Complaint asserting all claims against all defendants, with no further leave to amend. (Doc. 37 at 2.)

I recommend that Defendants' Motion for More Definite Statement and/or Clarification from the Court (Doc. 37) be GRANTED. If this Report and Recommendation is adopted, Plaintiff should receive an opportunity to file an amended complaint containing the First Amendment claims against Defendant Jacobs and Defendant Collins that the Court previously permitted to proceed, and any additional claims against all intended defendants. I also recommend that the Court advise Plaintiff that further leave to amend the Complaint is unlikely to be granted. Mindful of Plaintiff's status as an incarcerated individual representing himself, the Court has liberally viewed Plaintiff's multiple filings seeking to amend his allegations as to claims and defendants. In fairness to both sides and to promote the progress of this litigation,

however, the precise nature of the factual allegations, legal claims, and intended defendants must be settled. If the Court agrees that Plaintiff should be given a final opportunity to consolidate the claims and defendants in one Amended Complaint, then I further recommend that Plaintiff's pending Motions to Amend Complaint (Docs. 30, 32, 34, 44) be DENIED.[1]

## II. Motion to Appoint Counsel

Plaintiff requests appointment of counsel, asserting generally that he is unable to afford counsel, his incarceration limits his ability to litigate the case, and he has limited knowledge of the law. (Doc. 36.)

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case," *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011), but "[t]he court may request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The Court exercises "[b]road discretion" in determining whether to appoint counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The Court must first determine whether the plaintiff has "met a threshold showing of some likelihood of merit." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (internal quotation marks omitted). If the court finds that the claim has some likelihood of merit, the court then considers the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61–62. This fact-intensive inquiry does not require "all, or indeed any, of the factors [to] be controlling in a particular case." *Id.* at 61.

---

[1] The recommendation that Plaintiff receive a final opportunity to amend the complaint, with an advisement that further leave to amend is unlikely to be granted, is informed in part by the recommendation that the Court appoint counsel in this matter. *See infra* Part II.

As to Plaintiff's showing of some likelihood of merit, the Court declined to dismiss Plaintiff's First Amendment claims against Defendants Jacobs and Collins, finding that he sufficiently alleged Defendants' personal involvement in the claimed deprivation of his First Amendment rights. (Doc. 31.) The Court's denial of the Motion to Dismiss as to these claims satisfies the threshold showing of some likelihood of merit and therefore warrants consideration of Plaintiff's request for appointed counsel. *See Arriaga v. Annucci*, No. 23 CV 1941 (VB), 2026 WL 483185, at *2 (S.D.N.Y. Feb. 20, 2026) (finding that Plaintiff's claims were "likely to be of substance" because the case survived defendants' motion to dismiss).

Several of the *Hodge* factors suggest that appointment of counsel may not be necessary. For example, Plaintiff's claims do not appear to require extensive fact investigation. It also does not appear that "the major proof presented to the fact finder" will consist of "conflicting evidence implicating the need for cross-examination." *Hodge*, 802 F.2d at 61–62. The legal issue does not appear particularly complex, and Plaintiff has thus far demonstrated a general understanding of a First Amendment claim.

Nevertheless, it appears in the circumstances of this case that appointment of counsel "would be more likely to lead to a just determination." *Id*. at 62. Plaintiff's central claim since the inception of this litigation is that DOC entered into a settlement agreement to provide Plaintiff specified religious items, including a personal prayer pipe, but over the past three years has not permitted him access to the pipe or an opportunity to conduct pipe ceremonies. The Court has determined that the allegations related to this First Amendment claim are sufficient to proceed against Defendants Jacobs and Collins. (Doc. 31 at 14.)

Plaintiff represents that he has requested pipe ceremonies "for several years," and that Defendants Jacobs, Collins, and others "have indicated that Plaintiff can only engage in these activities with a religious volunteer and no volunteer is available."[2] (Doc. 44 at 5.)

Second, appointment of counsel "would lead to a quicker and more just result by sharpening the issues." *Hodge*, 802 F.2d at 61. The Court found that Plaintiff has adequately stated specific First Amendment claims. However, as discussed above, his multiple attempts to amend the complaint have made less clear the nature of his claims and the intended defendants. Should the Court allow Plaintiff a final opportunity to amend his complaint, counsel would assist Plaintiff to clarify and sharpen the issues.

Therefore, I recommend that Plaintiff's Motion to Appoint Counsel (Doc. 36) be GRANTED.

## III. Motion to Dismiss

Defendants' Motion to Dismiss Plaintiff's Amended Complaint asserts that Plaintiff (1) does not allege that his religious practice has been burdened by a non-neutral policy; and (2) does not allege sufficient personal involvement by any of the named Defendants. (Doc. 45 at 5–6.) Defendants have also filed a Motion for a More Definite Statement pertaining to Plaintiff's

---

[2] These allegations are derived from Plaintiff's Amended Complaint. (*See* Doc. 44.) For the reasons explained above, the Amended Complaint is not authorized under Rule 15. The undersigned has considered the allegations in the Amended Complaint for the limited purpose of assessing Plaintiff's request for appointed counsel. Assuming the truth of the allegations—that DOC agreed to provide opportunities for pipe ceremonies but has not done so for several years due to unavailability of volunteers—an attorney would be in a better position to ascertain why Plaintiff has not received the religious benefits of the settlement agreement, making it "more likely to lead to a just determination." *Hodge*, 802 F.2d at 62. The Court further notes that Plaintiff brought an action in Superior Court to enforce the settlement agreement with DOC. *See Lampman v. DOC*, No. 21-CV-604 (Washington Unit). After taking evidence, the Superior Court determined that "Plaintiff had not established that Defendant had breached or failed to follow the terms of the Settlement Agreement." *Id.* (February 6, 2025 Order on Motion to Enforce). The Superior Court's reasoning for declining to enforce the settlement agreement was stated on the record and therefore not available to this Court in written form for review. But assuming the truth of Plaintiff's allegations in this federal lawsuit, DOC agreed to Plaintiff's requests for religious accommodations and those accommodations did not occur. These allegations form the basis of Plaintiff's First Amendment claim pending in this Court. Appointed counsel would assist Plaintiff to develop his claim in discovery and consult with DOC counsel about Plaintiff's claim generally, both of which are more likely to lead to a just determination in this matter.

multiple motions to amend, explaining that "they cannot reasonably prepare any responsive pleading that may be necessary" because there is currently no "single proposed amended complaint to respond to." (Doc. 37 at 2.)

"When a court is faced with motions to dismiss one complaint and a motion for leave to file an amended complaint, the court may focus first on the motion for leave to amend because granting the motion for leave to amend moots the pending motions to dismiss." *Cummins, Inc. v. New York Life Ins.*, No. 10 CIV. 9252, 2012 WL 3870308, at *2 (S.D.N.Y. Sept. 6, 2012). Although I recommend that Plaintiff's pending motions to amend be denied, I also recommend that Plaintiff be given a final opportunity to amend his complaint with the assistance of appointed counsel. The amended complaint will supersede all other amended complaints, including the one that is the subject of the pending motion to dismiss, and become the operative complaint in this case.

Therefore, I recommend that Defendants' Motion to Dismiss (Doc. 45) be DENIED as moot.

## IV. Motion for Producing Documents

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff filed a "Motion for Producing Documents," which appears to request that the Court order DOC to produce specific documents from his previous public records request. (*See* Doc. 35.) Although Defendants do not oppose the motion in a responsive filing, in a separate filing they state that they "do not understand [Plaintiff's] filing to be a discovery request served upon them" and that Plaintiff has not attempted to confer regarding discovery issues. (Doc. 39.) As Plaintiff's motion appears to request a court order to produce documents, the Court construes Plaintiff's Motion as a motion to compel discovery.

Rule 34 provides that "[a] party may serve on any other party a request to produce documents within the scope of Rule 26(b)." *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 53 (S.D.N.Y. 2018) (citing Fed. R. Civ. P. 34(a)). If a party fails to produce documents requested pursuant to Rule 34, then the party seeking discovery may move for an order to compel. Fed. R. Civ. P. 37(a)(3)(B)(iv). As a procedural matter, the parties are required to meet and confer to resolve any discovery disputes before Plaintiff may seek judicial intervention to compel discovery. *See* Fed. R. Civ. P. 37(a)(1), 26(d); Local Rule 26(c)(1).

Plaintiff's motion does not represent that these prerequisites have been satisfied. Defendants represent that Plaintiff has made no attempt to confer about the alleged failure to comply with his discovery demand. Plaintiff is representing himself, but "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see also Sentin v. Szczepankiewicz*, No. 23-CV-108LJV(F), 2024 WL 4599971, at *2 (W.D.N.Y. Oct. 29, 2024) ("Pro se litigants . . . are expected to conform to the Federal Rules of Civil Procedure").

Therefore, I recommend that Plaintiff's "Motion for Producing Documents" (Doc. 35) be DENIED.

## V. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The burden is on the party seeking summary judgment to "establish[] that no genuine issue of material fact exists." *Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024). Although a motion for summary judgment may

be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), "the purpose of summary judgment is to allow for disposition of a case 'after adequate time for discovery,'" *Richardson v. State*, No. 1:15-CV-120, 2016 WL 1458312, at *1 (D. Vt. Mar. 17, 2016), *report and recommendation adopted sub nom. Richardson v. State of Vermont*, No. 1:15-CV-120-JGM-JMC, 2016 WL 1449631 (D. Vt. Apr. 12, 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, "summary judgment is generally not appropriate until after some discovery has occurred." *Kraatz v. USAA Cas. Ins. Co.*, No. 16-CV-00103-FPG, 2017 WL 876187, at *12 (W.D.N.Y. Mar. 6, 2017); *see also Miller v. Wolpoff & Abramson*, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) ("Summary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." (citation modified)); *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery.").

Discovery began in this case in approximately early February 2026, when Defendants Jacobs and Collins served on Plaintiff their Responses to Plaintiff's First Interrogatories. (Docs. 40, 42.) According to the docket, no further discovery appears to have occurred. As minimal discovery has occurred to date, Plaintiff's Motion for Summary Judgment is premature.

I recommend that Plaintiff's Motion for Summary Judgment (Doc. 41) be DENIED without prejudice.

## **Conclusion**

For the reasons explained above, I recommend that Defendants' Motion for More Definite Statement and/or Clarification from the Court (Doc. 37) be GRANTED, and that Plaintiff's Motion to Appoint Counsel (Doc. 36) be GRANTED.

If this Report and Recommendation is adopted, I recommend that Plaintiff receive an opportunity to file an amended complaint that will become the operative pleading in this case. Accordingly, I further recommend that Defendants' Motion to Dismiss (Doc. 45) be DENIED as moot, and that Plaintiff's Motions to Amend Complaint (Docs. 30, 32, 34, 44) be DENIED.

I also recommend that Plaintiff's Motion for Producing Documents (Doc. 35) and Motion for Summary Judgment (Doc. 41) be DENIED.

Given these recommended dispositions, I further recommend that Plaintiff's Motion for a Hearing (Doc. 47) be DENIED at this time.

Dated at Burlington, in the District of Vermont, this 9th day of July 2026.

*/s/ Kevin J. Doyle*
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections that shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).