U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 AUG 10  A 11: 24

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

JOSEPH SPIRIT COUGAR LAMPMAN,    )
                                         )
    Plaintiff,                   )
                                         )
    v.                         )         Case No. 2:24-cv-166
                                         )
AMY JACOBS and WILLIAM COLLINS,    )
                                         )
    Defendants.                )

**ORDER**
**(Docs. 30, 32, 34, 35, 36, 37, 41, 44, 45, 47, 50)**

Plaintiff Joseph Spirit Cougar Lampman, representing himself, brings this action under 42 U.S.C. § 1983 against various Department of Corrections (DOC) officials alleging that Defendants denied him the right to practice his religion while in custody. (Doc. 7.) On July 9, 2026, the Magistrate Judge issued a Report and Recommendation ("R&R") addressing Plaintiff's motions to amend his complaint (Docs. 30, 32, 34, 44); Defendants' motion for a more definite statement and/or clarification from the court (Doc. 37); Plaintiff's motion to appoint counsel (Doc. 36); Defendants' motion to dismiss (Doc. 45); Plaintiff's motion to produce documents (Doc. 35); and Plaintiff's motion for summary judgment (Doc. 41).

The Magistrate Judge recommended the following: (1) that the motions to amend the complaint be denied but that Plaintiff be afforded a final opportunity to submit a single amended complaint with all of his claims; (2) that the motion for a more definite statement be granted; (3) that the motion to appoint counsel be granted; (4) that the motion to dismiss be denied as moot; (5) and that the motions to produce documents and for summary judgment be denied. The deadline for filing an objection to the R&R was July 23, 2026. Neither party has filed an objection. The court may therefore adopt the R&R "as long as no clear error is apparent from

the face of the record." *United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (alteration in original; quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020)). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Cullen*, 194 F.3d at 405.

The court AFFIRMS, APPROVES, and ADOPTS the Report and Recommendation. (Doc. 50). As the Magistrate Judge carefully outlined, Plaintiff's multiple amended complaints have created confusion about who is being sued and what claims are being brought. Defendants cannot reasonably respond to these pleadings without clarification on those matters. At the same time, the court previously denied Defendants' motion to dismiss as to Plaintiff's First Amendment claims against defendants Amy Jacobs and William Collins, demonstrating that there is at least some merit Plaintiff's case. The best way to proceed is therefore precisely what the Magistrate Judge recommends: that the motions to amend the complaint be denied; that Defendants' motion for a more definite statement be granted in the form of a single amended complaint from Plaintiff; and that Plaintiff's motion for appointment of an attorney be granted so that the attorney can prepare that final amended complaint. As the Magistrate Judge explained, that course will ensure that this litigation concludes in the most timely and just way possible.

As the Magistrate Judge states, the denial of the motions to amend and the opportunity to file a final operative complaint render Defendants' motion to dismiss moot. It will therefore be denied on that basis.

Plaintiff's motion to produce documents will also be denied, as recommended in the R&R. Plaintiff has not followed the procedural requirements that would allow him to seek

judicial intervention in the discovery process. Once he has an attorney, Plaintiff will be better positioned to obtain the discovery he needs.

Finally, the court adopts the recommendation to dismiss the motion for summary judgment without prejudice. Discovery has only just begun, so such a motion is premature.

## Conclusion

The court AFFIRMS, APPROVES, and ADOPTS the R&R (Doc. 50) recommendations in full. Accordingly, the motions to amend the complaint (Docs. 30, 32, 34, 44) are DENIED; Defendants' motion for a more definite statement and/or clarification from the court (Doc. 37) is GRANTED; Plaintiff's motion to appoint counsel (Doc. 36) is GRANTED; Defendants' motion to dismiss (Doc. 45) is DENIED as moot; Plaintiff's motion to produce documents (Doc. 35) is DENIED; and Plaintiff's motion for summary judgment (Doc. 41) is DENIED without prejudice.

The court will appoint counsel to represent Mr. Lampman. Counsel will have the opportunity to file one amended complaint that includes all of Mr. Lampman's claims, including the First Amendment claims against defendants Jacobs and Williams, as laid out in the currently operative pleading (Doc. 21). If Mr. Lampman files any motions to amend his complaint or any amended complaints before counsel is appointed, the court will summarily dismiss them. The submission of any such motions or amended complaints will not affect his right to file a final amended complaint through counsel, once counsel has been appointed.

Dated at Burlington, in the District of Vermont, this 10th day of August, 2026.

Geoffrey W. Crawford, Judge
United States District Court

3